UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

IN RE MICROSOFT CORP.
ANTITRUST LITIGATION

This Document Relates To:

*Conway, Mackenzie & Dunleavy, P.C.* v.
*Microsoft Corp.*, 1:02 cv03331

*Cooper* v. *Microsoft Corp.*, 1:02 cv03332

MDL Docket No. 1332
Hon. J. Frederick Motz

## MICROSOFT'S MOTION FOR A PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c), Microsoft hereby moves the

Court for a protective order barring plaintiffs from deposing Microsoft's Chairman, Bill Gates;

its Chief Executive Officer, Steve Ballmer; and a recently retired senior vice president named

Joachim Kempin, each of whom was deposed for multiple days in the Consumer Cases.  This

motion should be granted for the reasons set out in Microsoft's accompanying memorandum.

Dated: March 18, 2003

Respectfully submitted,

Of Counsel:

Charles B. Casper
MONTGOMERY, McCRACKEN,
WALKER & RHOADS, LLP
123 South Broad Street
Philadelphia, Pennsylvania 19109
(215) 772-1500

Richard J. Wallis
Steven J. Aeschbacher
MICROSOFT CORPORATION
One Microsoft Way
Redmond, Washington 98052
(425) 936-8080

By:_____
David B. Tulchin
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

Michael F. Brockmeyer (Fed. Bar No. 02307)
Jeffrey D. Herschman (Fed. Bar No. 00101)
PIPER RUDNICK LLP
6225 Smith Avenue
Baltimore, Maryland 21209
(410) 580-3000

*Attorneys for Microsoft Corporation*

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

IN RE MICROSOFT CORP.
ANTITRUST LITIGATION

This Document Relates To:

*Conway, Mackenzie & Dunleavy, P.C.* v.
*Microsoft Corp.*, 1:02 cv03331

*Cooper* v. *Microsoft Corp.*, 1:02 cv03332

MDL Docket No. 1332
Hon. J. Frederick Motz

## MICROSOFT'S MEMORANDUM IN SUPPORT OF
## ITS MOTION FOR A PROTECTIVE ORDER

Of Counsel:

Charles B. Casper
MONTGOMERY, McCRACKEN,
WALKER & RHOADS, LLP
123 South Broad Street
Philadelphia, Pennsylvania 19109
(215) 772-1500

Richard J. Wallis
Steven J. Aeschbacher
MICROSOFT CORPORATION
One Microsoft Way
Redmond, Washington 98052
(425) 936-8080

David B. Tulchin
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

Michael F. Brockmeyer (Fed. Bar No. 02307)
Jeffrey D. Herschman (Fed. Bar No. 00101)
PIPER RUDNICK LLP
6225 Smith Avenue
Baltimore, Maryland 21209
(410) 580-3000

*Attorneys for Microsoft Corporation*

March 18, 2003

# TABLE OF CONTENTS

*Page*

BACKGROUND ...............................................................................................................2

A.     CHS and Inca .................................................................................................2

B.     Plaintiffs' Proposed Scheduling Order ...................................................................3

C.     Plaintiffs' Deposition Request...............................................................................3

ARGUMENT ..................................................................................................................4

CONCLUSION ................................................................................................................7

# TABLE OF AUTHORITIES

*Page(s)*

*Cantor* v. *Equitable Life Ins. Soc'y*,
   No. 97-5711, 1998 WL 544962 (E.D. Pa. Aug. 27, 1998) .....................................5

*Digital Equip. Corp.* v. *Sys. Indus., Inc.*,
   108 F.R.D. 742 (D. Mass. 1986).........................................................................5

*Gazaway* v. *Makita USA, Inc.*,
   No. 92-2287-JWL, 1998 WL 219771
   (D. Kan. Apr. 16, 1998) ......................................................................................5

*Herbert* v. *Lando*,
   441 U.S. 153 (1979)..............................................................................................5

*Lewelling* v. *Farmers Ins. of Columbus, Inc.*,
   879 F.2d 212 (6th Cir. 1989) ................................................................................5

*Sentry Insurance* v. *Shivers*,
   164 F.R.D. 255 (D. Kan. 1996)..............................................................................6

*Thomas* v. *IBM*,
   48 F.3d 478 (10th Cir. 1995) ................................................................................5

*United Air Lines, Inc.* v. *United States*,
   26 F.R.D. 213 (D. Del. 1960) ...............................................................................5

*Wertheim Schroder & Co.* v. *Avon Prods., Inc.*,
   No. 91-2287, 1995 WL 6259 (S.D.N.Y.
   Jan. 9, 1995)..........................................................................................................4

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

IN RE MICROSOFT CORP.
ANTITRUST LITIGATION

This Document Relates To:

*Conway, Mackenzie & Dunleavy, P.C.* v.
*Microsoft Corp.*, 1:02 cv03331

*Cooper* v. *Microsoft Corp.*, 1:02 cv03332

MDL Docket No. 1332
Hon. J. Frederick Motz

## MICROSOFT'S MEMORANDUM IN SUPPORT OF
## ITS MOTION FOR A PROTECTIVE ORDER

Plaintiffs seek to take the depositions of Microsoft's two most senior officers—its Chairman, William H. Gates, and its CEO, Steven A. Ballmer—and of a recently retired Microsoft senior vice president, Joachim Kempin. They request these depositions "in connection with class certification in the OEM case." (Letter from Butterfield to Tulchin of 03/07/03 (attached hereto as Exhibit A).) There is no legitimate purpose or need for plaintiffs to take these depositions:

- Plaintiffs' principal attorneys, who are also lead counsel for plaintiffs in the Consumer Cases, have already conducted exhaustive, multiple-day depositions of these three witnesses.

- In addition to these depositions, Messrs. Gates, Ballmer and Kempin have collectively given 17 days of deposition testimony comprising nearly 4,000 transcript pages in other antitrust actions and investigations involving the same allegations at issue here.

- Plaintiffs have represented unequivocally to this Court that they require no further discovery in these actions.

Plaintiffs' proposed depositions of Bill Gates, Steve Ballmer and Joachim Kempin would serve no purpose other than harassment. Microsoft thus requests a

protective order barring plaintiffs from taking these depositions. Such an order is necessary to protect Microsoft from "annoyance ... oppression [and] undue burden." FED. R. CIV. P. 26(c).[1]

## BACKGROUND

### A.    CHS and Inca

Plaintiff Keith F. Cooper filed his complaint in the Northern District of California as trustee for CHS Electronics, Inc. ("CHS"), a bankrupt company that distributed Microsoft software primarily outside the United States. Plaintiff Conway, MacKenzie & Dunleavy, P.C. filed an almost identical complaint in the same court as trustee for Inca Computer Company ("Inca"), an insolvent OEM. Finding that these cases "involve questions of fact which are common" to the Consumer Cases, the Judicial Panel on Multidistrict Litigation transferred them to this Court for coordinated pretrial proceedings. *In re Microsoft Corp. Windows Operating Sys. Antitrust Litig.*, Docket No. 1332, Conditional Transfer Order (CTO-14) (JPML Sep. 13, 2002). The law firm of Cohen, Milstein, Hausfeld & Toll, PLLC, lead counsel for plaintiffs in the Consumer Cases, represents both CHS and Inca.

On December 19, 2002, CHS and Inca moved to certify four classes of OEMs and other distributors that purchased certain Microsoft operating system and applications software directly from Microsoft. They sought *no* discovery on class certification issues prior to filing their motion, asserting that "the requirements of

---

[1]    Although Judge Charles Renfrew has been appointed Discovery Referee in the Consumer and Competitor Cases, no order has been entered appointing him as Referee in this matter. Microsoft has thus filed this motion with the Court. Microsoft does not object, however, to Judge Renfrew's serving as Discovery Referee in these actions.

Rules 23(a) and 23(b)(3) are satisfied" (Pls.' Mot. for Class Certification at 2) without any discovery.

### B.     Plaintiffs' Proposed Scheduling Order

In early January 2003, the parties attempted to agree on a scheduling order for these cases. During those negotiations, plaintiffs asserted that no additional discovery is necessary here on class certification or on the merits. They took that same position in their January 17, 2003 motion for entry of a scheduling order.

In fact, the proposed schedule plaintiffs submitted to the Court allowed only six weeks for discovery on class certification issues and no further merits or expert discovery. (Pls.' Mem. in Support of Mot. to Enter Scheduling Order at 1-2, 5.) In support of their proposed schedule, plaintiffs asserted that no additional discovery is needed given the extensive discovery taken in the Consumer Case. (*See, e.g.*, *id.* at 5 ("The proposed schedule does not provide for merits discovery or expert reports because . . . neither is needed.").) On class certification issues, they argued that the only depositions that are necessary are of the trustees of CHS and Inca to determine their adequacy as class representatives. (*See id.* at 6.) Plaintiffs left no doubt about their position during the February 7 argument on their motion to enter a scheduling order, unequivocally stating that they intend to take no additional discovery in these actions.

### C.     Plaintiffs' Deposition Requests

Despite their representations, plaintiffs have served multiple discovery requests on Microsoft in these actions, all purportedly directed at class certification issues. Since late January, plaintiffs have served two separate sets of requests for the production of documents comprising 24 individual requests. On March 7, 2003,

- 3 -

plaintiffs requested the depositions of Bill Gates, Steve Ballmer and Joachim Kempin "in connection with class certification discovery in the OEM case." (Letter from Butterfield to Tulchin of 03/07/03.)

Counsel for Microsoft subsequently conferred with plaintiffs' counsel about their deposition request, offering to consider appropriately limited discovery on class certification issues if plaintiffs withdrew their demand to depose Bill Gates and Steve Ballmer. Plaintiffs declined to take Microsoft up on this offer.[2]

Plaintiffs' lawyers have already deposed Bill Gates, Steve Ballmer and Joachim Kempin in the Consumer Cases: they deposed Messrs. Gates and Ballmer for two days each and Mr. Kempin for three days. This was not the first time these senior Microsoft executives were deposed on the issues raised by CHS and Inca. In other antitrust actions and investigations involving the very same allegations, Mr. Gates has been deposed for eight days, Mr. Ballmer for three days and Mr. Kempin for seven days. Transcripts of those other depositions were produced to plaintiffs' counsel long ago.

## ARGUMENT

Discovery under the Federal Rules "is not boundless and a court may place limits on discovery demands." *Wertheim Schroder & Co.* v. *Avon Prods., Inc.*, No. 91-2287, 1995 WL 6259, at * 1 (S.D.N.Y. Jan. 9, 1995). As the Supreme Court has stated, "district courts should not neglect their power to restrict discovery where 'justice requires [protection for] a party or person from annoyance, embarrassment, oppression,

---

[2]  During this discussion, plaintiffs also requested the deposition of Richard Fade, another recently retired Microsoft executive who was deposed for two days in the Consumer Cases, on class certification issues.

or undue burden or expense . . . .'" *Herbert* v. *Lando*, 441 U.S. 153, 177 (1979) (quoting

FED. R. CIV. P. 26(c)) (alterations in the original).

Courts routinely issue protective orders prohibiting the deposition of

senior corporate executives if the deposition "would constitute annoyance and harass-

ment." *Cantor* v. *Equitable Life Ins. Soc'y*, No. 97-5711, 1998 WL 544962, at *2 (E.D.

Pa. Aug. 27, 1998) (issuing protective order prohibiting depositions of senior executive

and former CEO of defendant); *see also Thomas* v. *IBM*, 48 F.3d 478, 483 (10th Cir.

1995) (affirming issuance of protective order prohibiting deposition of IBM chairman);

*Lewelling* v. *Farmers Ins. of Columbus, Inc.*, 879 F.2d 212, 218 (6th Cir. 1989) (affirm-

ing grant of protective order prohibiting deposition of CEO and former chairman of

defendant); *Digital Equip. Corp.* v. *System Indus., Inc.*, 108 F.R.D. 742, 744 (D. Mass.

1986) (issuing protective order and prohibiting deposition of company president "noticed

for the purposes of harassment and annoyance").

It is also "well-established that discovery has limits and that these limits

grow more formidable as the showing of need diminishes." *United Air Lines, Inc.* v.

*United States*, 26 F.R.D. 213, 219 n.9 (D. Del. 1960); *see also Gazaway* v. *Makita USA,*

*Inc.*, No. 92-2287-JWL, 1998 WL 219771, at *3 (D. Kan. Apr. 16, 1998) (prohibiting

deposition of company's former president because deposition would be extremely

burdensome and plaintiff failed to show deposition was "critical").

The depositions requested by plaintiffs are unnecessary and would

constitute pure harassment. Mr. Gates is Microsoft's Chairman and Mr. Ballmer its

CEO. As senior executives of a large, publicly traded corporation with tens of thousands

of employees worldwide, they have significant responsibilities to Microsoft and its share-

holders that require all their time and attention.  Mr. Kempin is a former senior vice president of the company who recently retired.

All three individuals were deposed for multiple days in the Consumer Cases, and all three have been deposed multiple times in other actions and investigations involving the same allegations.  Plaintiffs thus cannot show any need for additional deposition testimony.  *See Sentry Ins.* v. *Shivers*, 164 F.R.D. 255, 256 (D. Kan. 1996) ("'[T]he court will generally not require a deponent to appear for a second deposition,' however, absent a showing of a need or a good reason for doing so.") (citation omitted). Indeed, plaintiffs have represented to the Court that they need no additional discovery. One of the reasons for transferring these actions to this Court for coordinated pretrial proceedings was to prevent such duplicative and abusive discovery.

## CONCLUSION

Plaintiffs' lawyers have already deposed Messrs. Gates, Ballmer and Kempin for multiple days. There is no need to burden these individuals with another deposition. Microsoft thus respectfully requests that the Court issue a protective order prohibiting the depositions of Messrs. Gates, Ballmer and Kempin.

Dated: March 18, 2003

Respectfully submitted,

Of Counsel:

By: _David B Tulchin_____
     David B. Tulchin

Charles B. Casper
MONTGOMERY, McCRACKEN,
WALKER & RHOADS, LLP
123 South Broad Street
Philadelphia, Pennsylvania 19109
(215) 772-1500

SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

Michael F. Brockmeyer (Fed. Bar No. 02307)
PIPER RUDNICK LLP
6225 Smith Avenue
Baltimore, Maryland 21209
(410) 580-3000

Richard J. Wallis
Steven J. Aeschbacher
MICROSOFT CORPORATION
One Microsoft Way
Redmond, Washington 98052
(425) 936-8080

*Attorneys for Microsoft Corporation*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 18, 2003, I caused a copy of Microsoft's Motion for a Protective Order, Memorandum in Support, and [proposed] Protective Order to be served upon the following by facsimile and United States mail, first class, postage prepaid:

Stanley M. Chesley
WAITE, SCHNEIDER, BAYLESS & CHESLEY, L.P.A.
1513 Fourth & Vine Tower
One West Fourth Street
Cincinnati, Ohio 45202
(facsimile no.: 513-621-0262)

Michael D. Hausfeld
Daniel A. Small
COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, DC 20005
(facsimile no.: 202-408-4699)

Laurence D. King
Lori E. Sambol
Linda M. Fong
KAPLAN FOX & KILSHEIMER LLP
601 Montgomery Street, Suite 300
San Francisco, California 94111
(facsimile no.: 415-772-4707)

Jeffrey D. Herschman

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

IN RE MICROSOFT CORP.
ANTITRUST LITIGATION

This Document Relates To:

*Conway, Mackenzie & Dunleavy, P.C.* v.
*Microsoft Corp.*, 1:02 cv 03331

*Cooper* v. *Microsoft Corp.*, 1:02 cv03332

MDL Docket No. 1332
Hon. J. Frederick Motz

## [PROPOSED] PROTECTIVE ORDER

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

       Upon motion of defendant Microsoft Corporation, and good cause appearing therefore,

       IT IS HEREBY ORDERED that plaintiffs are prohibited from taking the depositions of William H. Gates, Steven A. Ballmer and Joachim Kempin in these actions.

Dated this ____ of _____, 2003

_____
J. Frederick Motz
United States District Judge